UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG YIL JO,<br><br>    Plaintiff,<br><br>v.<br><br>SIX UNKNOWN AGENTS,<br><br>    Defendants. | CASE NO. 1:14-cv-00320-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE**<br><br>**(ECF No. 7)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

    Plaintiff is a federal detainee proceeding pro se in this purported civil rights action brought pursuant to 42 U.S.C. § 1983.

    On March 13, 2014, the Court struck Plaintiff's complaint because it was unsigned, and noted that the complaint failed to state a cognizable claim. (ECF No. 2.) Plaintiff was ordered to file a signed complaint within thirty days. Plaintiff simultaneously was ordered to file an application to proceed in forma pauperis or pay the $400 filing fee for this action. Plaintiff was warned that failure to comply would result in dismissal of the action. (Id.)

    Plaintiff appealed. (ECF Nos. 3 & 5.) His appeals were not processed by the Ninth

1  Circuit Court of Appeals, and a search of the Ninth Circuit's docket does not reveal any
2  appeal by Plaintiff relating to the instant action. Presumably, Plaintiff's appeal was not
3  processed based on the Ninth Circuit's May 13, 2014 order enjoining Plaintiff from filing
4  further civil actions naming the same defendants and/or raising the same allegations as
5  those in actions previously filed and dismissed in the district courts, and directing this
6  court to reject any related notices of appeal. See In re: Young Yil Jo, No. 13-80149 (9th
7  Cir. May 13, 2014).

8  The action has been pending for over a year without any operative complaint and
9  without Plaintiff submitting an application to proceed in forma pauperis or paying the
10 applicable filing fee. Accordingly, on May 15, 2015, the Court ordered Plaintiff to show
11 cause why the action should not be dismissed. (ECF No. 7.) Plaintiff did not respond to
12 the order to show cause.

13 Local Rule 110 provides that "failure of counsel or of a party to comply with these
14 Rules or with any order of the Court may be grounds for imposition by the Court of any
15 and all sanctions . . . within the inherent power of the Court." District courts have the
16 inherent power to control their dockets and "in the exercise of that power, they may
17 impose sanctions including, where appropriate default or dismissal." Thompson v.
18 Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based
19 on a party's failure to prosecute, failure to obey a court order, or failure to comply with
20 local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
21 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
22 1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
23 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
24 with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
25 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
26 with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
27 (dismissal for lack of prosecution and failure to comply with local rules).

28 In determining whether to dismiss an action for lack of prosecution, failure to obey

a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff is likely unable to pay monetary sanctions, making such sanctions of little use.

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, without prejudice, for failure to obey a court order and failure to file an application to proceed in forma pauperis or pay the applicable filing fee.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  June 22, 2015           /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE